[Civil No. 3793.   Filed June 18, 1937.]

[69 Pac. (2d) 237.]

PABLO MARTINEZ, Appellant, v. JAMES ANDER-
SON and WILLIAM F. GOLLAHER, Appellees.

Mr. Frank Dykes and Mr. E. E. Selden, for Appel-
lant.

Mr. F. C. Struckmeyer, Mr. James E. Flynn and
Mr. F. C. Struckmeyer, Jr., for Appellees.

LOCKWOOD, J.—This is an appeal from a judgment of the superior court of Maricopa county for defendants, in an action wherein Pablo Martinez was plaintiff and James Anderson and William F. Gollaher were defendants. The complaint set up, in substance, that while plaintiff was walking in an easterly direction, and on the south side of the Tempe-Mesa highway, defendant James Anderson, who was driving an automobile in the same direction on said highway, negligently and carelessly failed to use ordinary care to keep a lookout for pedestrians upon said highway, and by reason of such negligence ran into and seriously injured plaintiff. There were other acts of negligence set up by the complaint, but since it is admitted there was no evidence to support them, we confine our summary to the one on which the case went to the jury. The defendants demurred to the complaint and then answered with a general denial and an allegation that the sole and proximate cause of the injuries to plaintiff was his own want of care. The demurrer was overruled, and the case went to trial before a jury, which returned a general verdict in favor of defendants, whereupon this appeal was taken.

There is no reporter's transcript, the case coming up on a bill of exceptions. From this bill it appears that the evidence submitted to the jury was, in substance, as follows: About 11 P. M. in the evening of the 6th of April, 1935, defendant James Anderson, in company with his wife and her mother, was driving a Chevrolet automobile on the Tempe-Mesa highway, and while so doing the automobile collided with plaintiff, injuring him quite seriously. Plaintiff testified, in substance, that he had been driving in his automobile that evening and had run out of gas, and that he was walking along the south side of the highway, and near to the paved portion thereof usually traveled

by automobiles, in search of a place where he might secure gas for his car. Seeing defendant's automobile approaching about 600 feet to the west, plaintiff stepped onto the southerly edge of the paved portion of the highway, and commenced to signal Anderson to stop his automobile and to assist him. The highway at this point was broad and straight, and plaintiff thought it was safe for him to give such signal from the place where he was standing, for the reason that, if Anderson did not stop and assist him, he had ample time and opportunity to see him and pass him on the north side of the highway, which was unobstructed. Defendant, however, did not swerve his automobile, but ran straight into him, plaintiff. This was substantially the case in favor of plaintiff.

Defendant's evidence was to the effect that Anderson, his wife, and his mother-in-law were returning from a picture show in Phoenix at the time of the accident. They were sitting in the front seat of the automobile and their lights were in good condition, so that if plaintiff had been standing on or near the southerly edge of the pavement, as he testified, Anderson would have seen him in ample time to avoid an accident. Plaintiff, however, suddenly stepped onto the highway from the darkness and started across it in a northerly direction, so near to the car that it was impossible to avoid the collision. Anderson, immediately after the accident, smelled liquor upon plaintiff's breath, and one of his witnesses testified that the morning after the collision the plaintiff stated to him that he did not know how the accident occurred, that he was drunk at the time. Other witnesses for defendants testified that two men who were with plaintiff when he ran out of gas had told them that Martinez was drunk the night of the accident. The doctor at the hospital, where plaintiff was taken immediately after

the accident, testified that, in his opinion, the plaintiff had not been drinking, while plaintiff insisted that he had not had anything to drink prior to the time of the accident, and his two companions denied having stated that plaintiff was drunk the night of the accident, and testified that he was not under the influence of liquor.

It will be seen from this evidence that the jury might properly have come to one of three conclusions as to the ultimate facts of the case, (a) that the collision occurred because defendant Anderson was not using due care in watching the highway at the time, (b) that he was using due care, but that plaintiff suddenly ran out upon the highway under circumstances which made it impossible for Anderson to avoid hitting him, and (c) that both plaintiff and defendant Anderson had failed to exercise due care in their actions at the time of and just before the accident.

The only assignments of error on this appeal go to the instructions. Plaintiff complains of six instructions which were given by the court, and also that the court failed to give two instructions requested by him. We think it unnecessary to quote all of the instructions complained of, for the legal question presented can be drawn from the two following ones:

"Now the burden is upon the plaintiff to prove to you every material allegation of the complaint by a preponderance of the evidence before he is entitled to recover. As I say, the material allegations of the complaint are that the defendant was guilty of the negligence as I stated to you, alleged in the complaint, *and that the plaintiff was at the time and place in the exercise of ordinary care."* (Italics ours.)

" In other words, if you believe from the evidence, gentlemen, that the plaintiff stepped upon the south portion of the paved highway at the time and place at a time when the driver of the car was a block away, for the purpose of signalling him to stop, I charge

you that the plaintiff was not guilty of negligence in so doing; and if you believe from the evidence that that is the fact in this case, and that they either saw the plaintiff or by the exercise of ordinary care could have seen him, then I charge you that it would be your duty to return a verdict in favor of the plaintiff and against the defendant bearing in mind, gentlemen, that you further find from the evidence that the negligence of the defendant, if he was guilty of negligence, *was the sole and proximate cause of the injury complained of, and that these facts must be determined by the greater weight of the evidence submitted to you.*" (Italics ours.)

It is the contention of plaintiff that the criticized instructions tell the jury, in substance, that it is incumbent upon plaintiff not only to show that the negligent conduct of defendant was a proximate cause of the accident, but that he must also show affirmatively, and by a preponderance of the evidence, that he, the plaintiff, was in the exercise of due care as an ordinarily prudent person at the time and place of the accident. Defendants practically admit that the instructions complained of, at least standing alone, bear the construction placed upon them by plaintiff, but contend that, under evidence as it appears in this case, the burden placed upon the plaintiff by the instructions was not greater than that required by law.

In the case of *Lopez* v. *Central Arizona Min. Co.*, 1 Ariz. 464, 2 Pac. 748, 750, we held:

"In order to recover, the plaintiff, in an action of this kind, must show that the act complained of was caused by the wrongful act, neglect, or default of defendant. It must also appear, by implication or otherwise, that the injured party did not in any degree contribute to the injury by his fault."

This was, in substance, the original rule at common law. This rule has, however, been greatly modified either by statute or by the decisions in most of the

states, and in the case of *Southern Pac. Co* v. *Tomlinson,* 4 Ariz. 126, 33 Pac. 710, 712, we said:

"The rule in this territory, as declared by the supreme court in the case of *Lopez* v. *Mining Co.,* 1 Ariz. 464, 2 Pac. 748, is that in actions for personal injuries, where contributory negligence is relied upon as a defense, due care and caution on the part of plaintiff, in the absence of affirmative proof to the contrary, will be presumed, *and the burden of proving such contributory negligence rests upon defendant.''* (Italics ours.)

The general question was thoroughly discussed by the American Law Institute at several sessions, and in Restatement, Law of Torts, § 477, the following language appears:

"Burden of Proving Contributory Negligence.

"The burden of establishing the plaintiff's contributory negligence rests upon the defendant. Comment:

"a. If the plaintiff makes out a *prima facie* case, the defendant, if he relies upon the plaintiff's contributory negligence, must prove it. However, this does not necessarily mean that the defendant must produce evidence to this effect. The plaintiff's own evidence may so clearly show him guilty of contributory negligence as to require the trial court to direct a verdict for the defendant or may be such that the jury would be warranted in finding for him. Indeed, it frequently happens that in proving the circumstances which show the defendant's *prima facie* liability the plaintiff is compelled to go so fully into the whole matter as to require the court or permit the jury to find him guilty of contributory negligence. If the evidence is such as to make the plaintiff's contributory negligence a question for the jury, the court on proper request will instruct the jury that they must render a verdict for the plaintiff unless they find *from a preponderance of all the evidence,* whether produced by the defendant or by the plaintiff or by both, that the plaintiff was guilty of negligence which contributed to his injury." (Italics ours.)

With this statement of the present law we agree. It is upon the defendant to establish the contributory negligence of the plaintiff, and this he must do by a preponderance of the evidence. In determining the question of preponderance, the triers of fact may, of course, consider all the evidence in the case, both that offered on behalf of plaintiff and that presented by defendant, but unless they are convinced affirmatively that the plaintiff was guilty of negligence which was one of the proximate causes of the accident, the defendant has not sustained the burden cast on him. It would naturally follow also that if the defense is the sole negligence of plaintiff, the burden is upon the former to establish such defense affirmatively and by a preponderance of the evidence, considering, of course, all the evidence offered by both parties.

It is not necessary for us to consider the reason for the rule. The rule itself cannot be questioned, neither is it material as to who offers the evidence which the jury will consider in determining whether, as a matter of fact, negligence of the plaintiff, either contributory or sole, appears. The important point is that it is not necessary for the plaintiff to prove affirmatively that he was in the exercise of due care. It is incumbent upon the defendant to prove by a preponderance of evidence that he was not.

With this principle of law before us, let us examine the first instruction complained of. Standing alone, there can be no question that the ordinary juror would believe it was incumbent upon the plaintiff to establish by a preponderance of the evidence not only that the defendant was guilty of negligence which was a proximate cause of the injury, but that the plaintiff himself was at the time and the place in the exercise of ordinary care. This is an incorrect and misleading statement of the law, and in a case where the evidence was conflicting and closely balanced in

the minds of the jury, might well determine its verdict. It is obvious from a recital of the evidence in this case that a juror might well say to himself,

"I think defendant Anderson did not use due care in watching the road ahead of him; as to whether the plaintiff Martinez was also negligent in his conduct, I am not sure. The evidence is such that it leaves my mind unconvinced one way or the other upon that point."

Of course, under such circumstances it is the duty of the juror to return a verdict in favor of plaintiff, for he has not been satisfied by a preponderance of the evidence that the latter was negligent. When, however, the court instructs him that the *plaintiff* must prove by a preponderance of the evidence that he was in the exercise of due care, the juror would feel bound to return a verdict in favor of defendants, when such a verdict was contrary to the law as applied to the existing factual situation.

The other instructions complained of by plaintiff would accentuate to the jury this wrong view of the law, for the references therein to the "sole" negligence of the defendant would again call to the attention of the jurors the fact that the court had instructed them the plaintiff must prove himself free of negligence. Such being the case, we think the error was not cured by the other instructions given by the court.

It is not necessary for us to consider whether the instructions asked for by plaintiff should have been given.

The judgment of the superior court is reversed and the case remanded for a new trial.

McALISTER, C. J., and ROSS, J., concur.