220 P.2d 227

TEXAS–ARIZONA MOTOR FREIGHT, Inc.,
et al. v. MAYO.

No. 5194.

Supreme Court of Arizona.

June 28, 1950.

Kramer, Morrison, Roche & Perry, of Phoenix, attorneys for appellants.

Aaron Kinney, and Milburn N. Cooper, of Phoenix, attorneys for appellee.

FAULKNER, Superior Judge.

Appellee will be referred to herein as plaintiff; and appellants will be referred to as defendants. The accident, which is the basis of this action, occurred at a point near Tempe, Arizona, on Base Line Road, an east-west paved highway twenty-one feet in width, where said road intersects with Canal Drive, a north-south road, such intersection forming a T, or "dead end." Plaintiff's intestate, accompanied by two other persons, drove his Ford car north on Canal Drive past a stop sign and onto the pavement of Base Line Road without stopping, his intention being to turn west on the pavement. He had proceeded 11 feet 2 inches from the south edge of the pavement when the left front wheel of his car was struck by the right front wheel of an east-

bound truck with trailer, owned by the defendant Texas-Arizona Motor Freight, Inc., and driven by the defendant Grantham; the combined weight of the truck, trailer, and load being approximately 42,000 pounds. The Ford was thrown toward the southeast corner of the intersection, and the truck hurtled into a ditch on the north side of Base Line Road. The driver of the Ford was fatally injured.

The surviving occupant of the front seat of the Ford testified that he first saw the truck when it was about the distance across the courtroom from him. The view to the west on Base Line Road was obstructed to some extent by trees growing on a corner lot. Grantham testified he was traveling at about forty miles an hour, and was about 100 feet from the Ford when he first saw it enter the pavement. He swerved to the left side of the road in an unsuccessful effort to avoid the collision.

There is no evidence of any negligent acts on the part of Grantham, unless traveling at forty miles an hour and turning to the left in the futile effort to avoid a collision, are to be so considered. Unless such acts of Grantham are to be considered as negligence, the evidence shows that the accident was due solely to the negligence of the decedent in entering upon a through thoroughfare without stopping. Especially is this true where his view of possible oncoming traffic upon the through thoroughfare which he was about to enter was ob-structed. Under these circumstances there is no question of contributory negligence involved that would bring the case under the provisions of Section 5, Article 18 of the Constitution.

■ It is the rule in this state that where the accident is due solely to the negligence of the plaintiff, and there is no showing of negligence on the part of the defendant, the trial court may direct a verdict for the defendant. In Campbell v. English, 56 Ariz. 549, at page 555, 110 P.2d 219, at page 221, the court states: " * * * If the record in this case had been such as to permit the trial court to hold that there was no evidence whatever which would sustain a verdict that the defendant was guilty of any negligence which was a proximate cause of the accident, then it would have been justified in instructing a verdict in favor of defendant. * * * " This language is quoted with apparent approval in the recent case of Alabam Freight Lines v. Phoenix Bakery, 64 Ariz. 101, at page 109, 166 P.2d 816, and is in line with the earlier cases of Calumet & Arizona Min. Co. v. Gardner, 21 Ariz. 206, 187 P. 563; Martinez v. Anderson, 50 Ariz. 95, 69 P.2d 237 and Canion v. Southern Pacific Co., 52 Ariz. 245, 80 P.2d 397.

■ We hold that under the facts shown by the evidence, such acts did not constitute negligence on the part of the defendant Grantham. The court in submitting the case to the jury erroneously assumed that a question of fact concerning the alleged

negligence of the defendant Grantham had otherwise been presented. This is evidenced by the fact that the court instructed the jury as to the law requiring the drivers of vehicles moving in opposite directions to pass each other to the right, and give at least half of the traveled portion of the roadway. There was no evidence to which the instruction was applicable. It is alleged in the complaint that plaintiff's intestate was driving on his right side of Base Line Road when the accident occurred; but there was not a word of testimony to support the allegation. The undisputed testimony was that the right front wheel of the truck struck the left front wheel of the Ford at a point 11 feet 2 inches north of the south side of the pavement, so the body of the Ford must have been south of the center line. The physical facts support this view. If the Ford had been traveling west on the north side of Base Line Road, any collision would have been with the left front wheel of the east-bound truck, and not with the right front wheel. The testimony was that the decedent intended to turn west; but there is no evidence that he ever got far enough into the intersection to make the turn. The court apparently assumed that the Ford had reached the north side of the road and was traveling west along the north side when the accident occurred; but the evidence furnishes absolutely no basis for the assumption.

We hold that defendants' motions for a directed verdict in their favor should have been granted, and the action dismissed. The facts are well established by the evidence and will not change. The presumption is that the evidence would be the same on a new trial as on the first trial. It was not sufficient to support a verdict for plaintiff on any theory of the case.

The judgment is reversed with instructions to enter judgment for defendants.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.

Justice M. T. PHELPS being disqualified as he was the trial judge, the Honorable J. W. FAULKNER, Judge of the Superior Court, Mohave County, was called to sit in his stead.