369 P.2d 660

George E. REED, Appellant,

v.

George GAVIN, Appellee.

No. 6693.

Supreme Court of Arizona,

En Banc.

March 7, 1962.

Scott, Cavness & Yankee, Phoenix, for appellant.

Snell & Wilmer and Carl W. Divelbiss, Phoenix, for appellee.

UDALL, Vice Chief Justice.

In an action for breach of contract plaintiff Reed appeals from a directed verdict granted in favor of defendant Gavin at the close of plaintiff's case.

The facts, construed as they must be in the light most favorable to the plaintiff, Mackey v. Blakely Oil, 77 Ariz. 169, 268 P.2d 674 (1954), are as follows. Defendant Gavin, whose insurance business prior to 1956 consisted primarily of writing bonds, desired to expand his operations to include "other lines of insurance." To this end in January of 1956 he invited the plaintiff to associate with him in the insurance business. It was agreed that plaintiff would resign his position as office manager with another Phoenix insurance agency and that his initial contribution to the new venture would consist entirely of his skill and experience acquired during some twenty years of general casualty underwriting. On the other hand defendant Gavin agreed to and did convey to the subsequently formed corporation "any and all of his * * * office furniture, fixtures and equipment, as well as a 1954 Buick Automobile and any and all good will of George Gavin Insurance * * *." And after March 31, 1956 all renewals from defendant's business were thenceforth to belong to the corporation.

These provisions were reduced to a written "Memorandum of Agreement" and signed by the parties in March of 1956. The "Agreement" further provided for sale of twenty per cent (20%) of the business to one Mike Lawless for cash [1] and that "a forty per cent (40%) interest * * * go to Reed without cost to him * * *."

Thereafter and also in accordance with the terms of the "Agreement" Gavin & Reed, Inc., was lawfully incorporated under the laws of Arizona with defendant Gavin as president, plaintiff Reed as vice president and treasurer and Carl W. Divelbiss as secretary. These three also comprised the

[1]. It appears that Lawless never was able to purchase any of the newly formed insurance business.

board of directors—again in accordance with the provisions of the "Agreement."

As specified in the "Agreement" plaintiff was furnished a company car and the corporation purchased for him membership in two exclusive clubs for the purpose of business contacts. The parties carried on the new business in this fashion for several months before defendant Gavin notified Reed that the latter's monthly salary would be cut from $700 to $400, that his memberships in the clubs would be revoked and that plaintiff should thereafter keep office hours and use his own car (but bill the corporation for mileage) for business purposes. Upon receipt of this information plaintiff resigned from the corporation, cancelled the policies he had theretofore written for the corporation and began selling insurance for himself.

Subsequently plaintiff instituted this suit against both the corporation and Gavin. At trial, however, the action against the corporate defendant was, at plaintiff's instance, dismissed with prejudice. The gist of the complaint against defendant Gavin was that by his actions he had prevented plaintiff from receiving his forty per cent (40%) interest in the venture. Gavin's rejoinder was that all action respecting the decrease in plaintiff's salary, etc., was taken by and pursuant to the authority of the board of directors and that the power to do so was vested in the board by the by-laws which had been approved of by the plaintiff in his capacity as officer and director of the corporation.

On appeal plaintiff assigns as error the action of the trial court in (1) granting the directed verdict for defendant, and in (2) refusing to permit plaintiff to introduce corporate accounting records and (3) evidence of an increase in defendant's salary subsequent to plaintiff's resignation. In view of our determination on the merits, *infra*, it will be unnecessary to discuss the second and third assignments which relate solely to the issue of damages.

The parties evidently contemplated that defendant Gavin would receive the stock from the newly formed corporation and then turn over to Reed the latter's forty per cent (40%) interest. But the record clearly indicates that no stock in Gavin & Reed, Inc., was ever issued to defendant Gavin or to anyone else. Moreover, the evidence is undisputed that plaintiff Reed never demanded his forty per cent from Gavin or from the corporation. And inasmuch as plaintiff did not even attempt to offer proof of any collusion between the other members of the board this court must presume that the actions of the directors were taken in the exercise of sound business judgment and for the good of the corporation. There was, therefore, a complete failure of proof respecting the allegation that defendant Gavin "prevented" plaintiff's receipt of a forty per cent interest in the corporation.

 

In addition to the above mentioned failure of proof of defendant's breach of the agreement there is another and more important reason why plaintiff is precluded from recovering damages for breach of this particular contract. As indicated above plaintiff, when faced with the disagreeable prospect of working for the corporation as an ordinary employee, not only resigned from the firm but cancelled such policies as he had written for the firm up to that time.[2] Plainly this action constituted an abandonment of the contract by plaintiff. See 1 Black, Rescission and Cancellation § 6 (1929) at 8–11. And he cannot now stand on that contract in seeking recovery against the defendant. When defendant as president notified plaintiff of the change in salary and working circumstances whatever remedy plaintiff may have then had, within or without the corporate framework, was lost when he chose to abandon the contract and to withdraw from the business what little if anything he had contributed thereto.

It therefore appears that the evidence adduced by plaintiff at trial was "insufficient to support a verdict * * * [and] so weak that upon a motion for new trial after verdict the court would feel constrained to set it aside * * *." Arizona Binghampton Copper Co. v. Dickson, 22 Ariz. 163, 169, 195 P. 538, 540, 44 A.L.R. 881 (1921). Accordingly, the trial court properly directed the verdict in favor of defendant Gavin.

The judgment is affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.

---

2. This information is reflected in the minutes of the directors' meetings which plaintiff offered in evidence.