399 P.2d 185

**R. N. HUNSAKER and Mary Lou Hunsaker,** *husband and wife, Appellants,*

v.

**Albert SMITH and Albert Smith as Guardian of Estate and Person of Darrell Schade, minor child, Appellees.**

2 CA–CIV 34.

Court of Appeals of Arizona.

Feb. 19, 1965.

Rehearing Denied March 16, 1965.

Ramon R. Alvarez, Douglas, for appellants.

Frederick S. Smith, Superior, for appellees.

MOLLOY, Judge.

This is an appeal from a judgment rendered in favor of the plaintiff in a personal injury case arising from an automobile-motorcycle collision. The plaintiff, who was an 18 year old minor at the time, was a passenger upon a motorcycle which collided with the defendants' automobile at an intersection near Ray, Arizona. The two vehicles had been going in opposite directions on the same highway and at the intersection at which the collision occurred the defendants' automobile was negotiating a left turn.

Considering the evidence in the light most favorable to the judgment rendered by the court, the defendants' automobile had come to the intersection in question, had stopped, preparatory to making a left turn, and had permitted the passage of an automobile and a motorcycle going in the opposite direction. Thereupon, the defendants' automobile turned left. Following 100 feet behind the motorcycle which was permitted to pass was a motorcycle upon which the plaintiff was riding as a passenger. The posted speed limit in the

area was 35 miles per hour and the motorcycle was traveling at less than this speed. The driver of the motorcycle assumed that the driver of the automobile would wait for his passage, but the automobile abruptly turned in front of the motorcycle. The motorcycle hit the defendants' car on the right rear thereof. The driver of the defendants' automobile did not see the motorcycle at all before the collision.

The case was tried to the court without a jury. Though there was no timely request for findings of fact and conclusions of law, as required by R.Civ.P. 52(a), 16 A.R.S., the court, in response to lengthy proposed findings filed by the defendants after the trial, made extensive findings of fact and conclusions of law.

Among the findings are that the plaintiff was not contributorily negligent, that there was no evidence presented that the driver of the motorcycle had failed to yield the right-of-way, that there was no evidence that the motorcycle was exceeding the posted speed limit nor a speed which was reasonable and prudent under the circumstances, and that there was not sufficient evidence to determine whether or not the driver of the motorcycle had failed to use proper evasive action to avoid the collision.

Included in the findings were statements by the court that indicated that its finding pertaining to the driver of the motorcycle not being negligent were "immaterial", and that driving at a speed less than the posted speed was "prima facie" not negligent. In its conclusions of law, the court indicated that any negligence of the driver of the motorcycle could not be imputed to the passenger.

In their brief, the defendants raised six assignments of error, but at the time of oral argument abandoned all but three of them. The three contentions now pressed are that the trial court erred: (1) in interpreting A.R.S. § 28-701 as providing that any speed less than the posted speed was prima facie a reasonable speed, (2) in refusing to find the driver of the motor-

cycle was negligent, and (3) in ruling that whether or not the driver of the motorcycle was negligent was "immaterial" to the issues of this case.

The assignments are closely interrelated. They revolve around the question of whether or not the negligence of the driver of a vehicle in which a passenger is riding is an ultimate fact in issue in a case between the passenger and the driver of another vehicle.

■ There is no contention made by the appellants that the negligence of the driver of the motorcycle should be imputed to the plaintiff. There was no evidence of a master-servant relationship nor any evidence of a partnership or joint venture and therefore under the law there could be no such imputation. Salt River Valley Water Users' Ass'n v. Green, 56 Ariz. 22, 104 P.2d 162 (1940).

■ For this reason, the trial court obviously believed that the question of whether or not the driver of the motorcycle was negligent was not an ultimate fact in issue, and was not therefore a necessary part of the findings of fact rendered by the court. Findings of fact need include only "ultimate" and/or "essential" facts in issue. Gilliland v. Rodriquez, 77 Ariz. 163, 268 P.2d 334 (1954); Fritts v. Ericson, 87 Ariz. 227, 349 P.2d 1107 (1960).

The trial court's selection of the word "immaterial" might be misconstrued. The conduct of the driver of the motorcycle was gone into in detail during the trial of the case, and the trial court obviously considered evidence pertaining thereto "material" to determine whether the defendants' car was at fault. The court consistently ruled properly in this respect, and therefore there is no confusion as to what was meant by the statement in the findings of fact as to the negligence of the driver of the motorcycle being "immaterial"—i. e., the finding on this fact is "immaterial" insofar as ultimate liability in this case is concerned.

The appellants do not assign as error that there was no evidence that the defend-

**54**

ants were negligent. However, this seems to be the gist of much of the argument in the brief. Accordingly, this court will consider it.

In appellants' brief, much is made of the testimony of the investigating officer to the effect that the motorcycle was exceeding 45 miles per hour immediately prior to the accident and that the cause of the accident was the failure of the motorcycle to yield the right-of-way. There is also reliance upon certain statements which were made by the plaintiff, estimating the motorcycle's speed at one time to be 45 miles per hour.

The investigating officer was not an eyewitness but based his opinion of speed upon the damage done to the automobile and the motorcycle and the fact that the automobile had been swung around by the force of the blow of the motorcycle. An examination of the transcript indicates that the statement of the plaintiff about the speed of the motorcycle being 45 miles per hour was as to a time back up the road 600 feet from the point of impact and did not pertain to the speed of the motorcycle as it came into the intersection.

■ Opposed to the opinion evidence of the officer was the testimony of the driver of the motorcycle and the plaintiff-passenger to the effect that the speed limit was not being exceeded prior to the accident. This testimony the court chose to believe, and, there being substantial evidence to support such finding, the same will not be upset on appeal. Cantlay & Tanzola, Inc. v. Senner, 92 Ariz. 63, 373 P.2d 370 (1962).

Working from the assumption that the motorcycle was going in excess of 35 miles per hour, the appellants' counsel comes to the conclusion that it would have been physically impossible for the motorcycle to have been an "immediate hazard" within the contemplation of A.R.S. § 28–772 at the time the defendants' car entered the intersection and that therefore the defendants' car had the right-of-way over the motorcycle. From this, the conclusion

is made that the defendants are automatically cleared of any negligence.

■ The appellants' major premise is erroneous. A driver can have the right-of-way and still be negligent. Even if the motorcycle had been approaching at an unreasonable rate of speed and even if the defendants' car had the right-of-way, the court might have found that the driver of the defendants' car should have seen the motorcycle and should not have turned in front of it. Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201 (1949).

There remains only the assignment of error pertaining to the court's alleged interpretation of A.R.S. § 28–701. In the findings of fact, after indicating that there was no evidence to show that the plaintiff-passenger knew that the safe speed for the motorcycle on the road in question was less than the posted speed, the trial court stated: "Since the posted speed limit is prima-facie evidence."

The appellants contend that under the statute in question, going over a posted speed limit is prima facie evidence of negligence, but that going under the posted speed limit is not prima facie evidence of lack of negligence. The appellants cite no authority whatsoever to this effect, and base their argument entirely upon the wording of the statute in question.

Presumably the prima facie speed in question was established either under A.R.S. § 28–702 (by the Highway Commission) or under A.R.S. § 28–703 (by local authorities). There was no evidence as to which authority had caused the speed limit to be posted, the officer merely testifying that in the area in question the speed limit was "posted as 35".

■ The words: "prima facie" as used in statutes merely mean a fact presumed to be true unless disproved by some evidence to the contrary. Powell v. Gleason, 50 Ariz. 542, 74 P.2d 47, 114 A.L.R. 838 (1937).

■■ The court is of the opinion that the intent of the subject statutes was not

violated by the rather cryptic statement contained in the findings of fact of the court, as quoted above. The intent of the subject statutes is to give authority to establish the posted speed limits which are presumptively reasonable and safe. They do not preclude evidence that a speed less than the posted limit is required under the particular circumstances, nor did the trial court so construe them.

For the foregoing reasons, it is ordered that the judgment of the trial court is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.