Elijah MUHAMMAD, Albert Brown, Frances Brown, Bashie Muhammad and Joyce Muhammad, Appellants,

v.

UNITED STATES of America, a body politic, and Arnold F. Allison, Appellees.

No. 20624.

United States Court of Appeals Ninth Circuit.

Aug. 29, 1966.

H. B. Daniels, Allen L. Feinstein, Phoenix, Ariz., for appellants.

Wm. P. Copple, U. S. Atty., Richard C. Gormley, Richard Allemann, Asst. U. S. Attys., Phoenix, Ariz., for appellees.

Before BARNES, HAMLIN and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

As a result of a collision in the intersection of two roads in an Indian reservation in Arizona between a United States Government school bus and a Cadillac automobile an action for damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) was filed in the United States District Court for the District of Arizona against the United States and Arnold F. Allison, the driver of the bus, by Elijah Muhammad, owner of the Cadillac, Albert Brown, driver thereof, and the three passengers in the Cadillac—Albert Brown's

wife Frances, Bashie Muhammad, and Joyce Muhammad. The action was tried before the court without a jury and a judgment in favor of the defendants was entered. The plaintiffs filed a timely appeal to this court which has jurisdiction under 28 U.S.C. § 1291.

The evidence at the trial established that prior to the collision appellee Allison was operating an otherwise empty government school bus in an easterly direction on Casa Blanca Road in an Indian reservation in Arizona. This road intersects at approximately right angles with State Highway 93 which runs in a north-south direction. It is admitted that at the time of the accident Allison was acting in the course and scope of his employment by the United States Government. Just prior to the time of the collision the Cadillac automobile was proceeding in a northerly direction on Highway 93 and was south of the intersection of said highway with Casa Blanca Road. There were no obstructions to the view of either driver at the intersection which was in an undeveloped open desert area.

At the trial Brown, the driver of the Cadillac, had no recollection of the events preceding the accident and was unable to testify as to when if ever he had seen the school bus before the collision. Frances Brown, who was sitting in the front seat with her husband Albert Brown, the driver of the Cadillac, testified that when she first saw the bus the Cadillac was about a block from the intersection. She also testified that when she saw the bus coming into the intersection the Cadillac was "about a hundred or a hundred and fifty feet back."

Allison testified that he stopped the 65-passenger school bus 14–15 feet back of a stop sign which was located on Casa Blanca Road 50 feet west of its intersection with Highway 93. Allison testified that he saw the Cadillac on Highway 93 at a distance estimated to be over a thousand feet south of the intersection and that when he started across "it looked safe enough for me to cross." After so stopping he proceeded in second gear at a speed of 5 to 10 miles an hour across the intersection to the point of collision which was about 18 feet east of the west edge of Highway 93.

The speed of the Cadillac was estimated to have been between 50 and 60 miles an hour. No skid marks of the Cadillac on the highway before the collision were found by the highway patrol.

The accident having occurred in Arizona, the law of that state applies. 28 U.S.C. § 1346(b). Woodbury v. United States, 313 F.2d 291 (9th Cir. 1963).

In his findings of fact and conclusions of law the district judge found that Brown, the driver of the Cadillac, made no attempt "to reduce the speed of his vehicle or to swerve to avoid contact with the school bus." He further found that "it is evident that Brown was either not looking ahead or wantonly ignored the presence of the bus approaching the intersection. The speed of the Cadillac prior to and at the time of entering the intersection and to the point of the collision was unreasonable and unlawful under the conditions there existing, and Brown was negligent in not reducing speed or otherwise attempting to avoid contact with the school bus." The court concluded that the accident and the resultant injuries "were caused solely by the careless and negligent conduct of plaintiff Albert Brown" and that "said Brown's negligence was the proximate cause of the collision and resulting injuries to plaintiffs."

The duty of a driver on a favored highway is not absolute. "He must maintain that degree of care which a reasonably prudent person would use to discover dangerous situations and avoid injury to others." Egurrola v. Szychowski, 95 Ariz. 194, 388 P.2d 242, 243 (1964). Davis v. Weber, 93 Ariz. 312, 380 P.2d 608 (1963); Edwards v. Gaston, 75 Ariz. 131, 252 P.2d 786 (1953).

We hold that there is ample evidence in the record to justify the finding of negligence on the part of Brown. The lack of Cadillac skid marks, its speed, and the testimony of the passenger Fran-

ces Brown, set out above, is sufficient evidence upon which the trier of fact could have found that the driver of the Cadillac had enough time to avoid the accident either by applying his brakes or swerving once he became aware or would have become aware had he maintained a proper lookout that the bus was not going to stop, and by his failure to do either he was not acting as a reasonably prudent driver. Edwards v. Gaston, supra.

The court further concluded from the evidence that "just before driving the school bus upon the aforesaid intersection and to the point of collision described· in the evidence, said Allison operated and drove said school bus with due caution and regard to the safety of persons and vehicles near and upon said intersection."

An examination of the record convinces us, however, that the court's conclusion of non-negligence on the part of the bus driver is in error and that the undisputed evidence in the case requires a finding of negligence on his part.

Subsection D of section 28–855 of the Arizona Revised Statutes provided as follows:

"D. Every driver of a vehicle approaching a stop sign shall stop before entering the cross walk on the near side of the intersection or, in the event there is no cross walk, shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting highway where the driver has a view of approaching traffic on the intersecting highway before entering the intersection * * *." [1]

At the intersection where the accident in this case occurred there was no cross walk on the near side of the intersection and there was no clearly marked stop line. The above section therefore required that Allison stop "at the point nearest the intersecting highway where the driver has a view of approaching traffic on the intersecting highway before entering the intersection." The testimony is undis-

puted that at the intersection of Casa Blanca Road and Highway 93 there are no obstructions to·view of any kind and that the intersection was in an undeveloped, open desert area. Under the above section and under these facts Allison was required to stop at or immediately prior to entering the intersection. This he failed to do. His own testimony was that he stopped 14–15 feet back of the stop sign and that the stop sign was 50 feet west of the west edge of Highway 93. This would make the point of his stopping some 64 or 65 feet from the entrance to the intersection.

Section 28–773 of the Arizona Revised Statutes provides in part as follows:

"A. The driver of a vehicle shall stop as required by § 28–855 at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard * * *.

"B. The driver of a vehicle shall likewise stop in obedience to a stop sign as required by this chapter at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway, and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

The undisputed testimony by Allison himself is that when he was stopped at the point some 64 or 65 feet west of the intersection, he looked to the south, the direction from which the Cadillac was coming, and then started his bus at a speed of 5 to 10 miles an hour, looking at all times thereafter to the north or to his left, and that never at any time after starting his bus from its stopped position

1. In 1965, subsequent to the accident involved herein, there were some minor changes in wording in this subsection by an amendment; however, it remains unchanged in substance. 9 A.R.S. § 28–855 (Supp.1965).

did he look to his right before the collision of the bus and the Cadillac.

Where a party violates a statute which is intended to prevent the type of harm which in fact has occurred as a result of that violation, the party is negligent as a matter of law. Prosser, Torts, 202 (3d ed. 1964). In Arizona law the violation of specific requirements of a law or ordinance is negligence per se. Deering v. Carter, 92 Ariz. 329, 376 P.2d 857 (1962); Mitchell v. Emblade, 80 Ariz. 398, 298 P.2d 1034 (1956). Barring an affirmative defense, the violating party is liable if his negligence in violating the statute contributed proximately to the cause of the accident. See J. H. Welch & Son Contracting Co. v. Gardner, 96 Ariz. 95, 99, 392 P.2d 567 (1964). Stop signs on streets intersecting a protected highway are designed to facilitate travel on the protected highway and to reduce the risk of collision in the intersection. Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201 (1949). Where a party does not obey a stop sign or the law of the right of way at an intersection and a collision in the intersection ensues, then the party is negligent as a matter of law. Wolfe v. Ornelas, 84 Ariz. 115, 324 P.2d 999 (1958); Texas-Arizona Motor Freight v. Mayo, 70 Ariz. 323, 220 P.2d 227 (1950); Clinkscales v. Carver, 22 Cal.2d 72, 136 P.2d 777 (1943). See also 3 A.L.R.3d 180 (1965). The undisputed evidence establishing that Allison did not stop at the entrance to the intersection compels a finding that Allison did violate the Arizona statutes and that such violation was

negligence on his part. Whether such negligence was a proximate cause of the accident is a matter to be determined by the trier of fact.

While the finding of negligence on the part of the driver of the Cadillac would not only bar his recovery but also a recovery by his wife, Frances Brown, for her injuries [2] and the recovery for property damage to the automobile by the owner of the car who was the driver's employer,[3] it would not necessarily bar a recovery by the other two passengers in the car, Bashie Muhammad and Joyce Muhammad. Salt River Valley Waters Users Ass'n. v. Green, 56 Ariz. 22, 104 P.2d 162 (1940); Hunsaker v. Smith, 1 Ariz.App. 51, 399 P.2d 185 (1965). There is no evidence in the record to indicate that Brown's negligence should be imputed to either Bashie or Joyce Muhammad. There is no finding by the district court as to their negligence or as to any damages they may have suffered. If they were not guilty of negligence and if the accident and their resultant injuries, if any, were proximately caused by the combined negligence of Brown and Allison, they would be entitled to recover.

The judgment of the district court that Bashie Muhammad and Joyce Muhammad "take nothing" is reversed, and the action as to them is remanded to the district court for such action as may be proper in accordance with this opinion. The judgment of the district court against Elijah Muhammad, Albert Brown and Frances Brown is affirmed.

2. In Arizona, a community property state, the contributory negligence of one spouse will bar recovery for personal injuries to the other spouse. Tinker v. Hobbs, 80 Ariz. 166, 294 P.2d 659 (1956).

3. The general rule is that the contributory negligence of the driver of a vehicle will bar recovery by the owner when the driver is acting as the agent for the princi-

pal at the time of the accident. 65A C.J. S. Negligence § 168(2). The undisputed testimony of the driver of the Cadillac was that he was the chauffeur for the owner and on the day of the accident he was driving with the owner's permission for the purpose of keeping the car in running shape. Therefore, the contributory negligence of the driver while acting as the owner's agent bars recovery by the owner.