470 P.2d 451

John A. AVECHUCO and Esther M. Ave-
chuco, Husband and Wife, and Ruth E.
Avechuco, by Her Guardian ad Litem, Ap-
pellants,

v.

Jess Willard AWTREY, Jr., Appellee.

No. 9884.

Supreme Court of Arizona,
In Division.

June 11, 1970.

Alan Philip Bayham (deceased), and
Henry L. Zalut, Phoenix, for appellants.

Lewis, Roca, Beauchamp & Linton, by
D. W. Grainger, and Charles D. Roush,
Phoenix, for appellee.

McFARLAND, Justice.

Appellants John A. Avechuco and Esther
M. Avechuco, husband and wife, and Ruth
E. Avechuco by her Guardian ad Litem—
hereinafter referred to as plaintiffs or as
John, Esther and daughter, respectively—
sued the appellee Jess Willard Awtrey, Jr.
—hereinafter referred to as defendant—for
damages growing out of an automobile
collision. At the close of plaintiffs' case,
the court directed a verdict in favor of
defendant. The plaintiffs appeal from
the directed verdict.

On the 12th day of July 1964—sometime
after five p. m.—the plaintiffs were driv-
ing from Rillito, Arizona, to Tempe, Ari-
zona. The lawsuit arose out of a 13-vehi-
cle accident on Highway 84 about two
miles north of the Red Rock overpass in
the north-bound lanes of traffic on the
divided highway. Plaintiffs had passed
three "semi" trucks about two miles before
they arrived at the Red Rock underpass,
and, according to their testimony, no one
passed them after that before the accident.
It was very windy and dusty, and after
plaintiffs passed the Red Rock underpass
it started getting dustier. It was so bad
that plaintiffs tried to get off the road.
They saw two cars—a white 1960 Oldsmo-
bile belonging to Arnold on the right and
a white car in front of them. It was at
this time that a pickup hit the rear of
plaintiffs' car driving it forward about
half a car length. John got out of the
car, at which time the pickup [Adame's]
which was green and white was hit by a
third car, which again drove plaintiffs'
car another half a car length forward.

After the first impact John told Esther
to get out of the car, and she was par-
tially out of the car at the time of the
second impact which caused injury to her
arm. A third impact was caused by one of
the "semi" trucks running into the group
of cars in which the plaintiffs' car was
parked. Esther testified as follows:

"* * * I was in the process of getting
my boy out of the car, and when I was
hit I was looking south, and I saw the
pickup truck and another car behind the
pickup truck.

"Q And at the time that you observed this, was the dust in any way impeding your complete view?

"A Well, it came in dusts [sic]. When I was looking back I remember seeing the green truck and the car, light colored car, and the top of the semi coming.

"Q Now, you say a light colored car. Do you have an impression as to the color it appeared?

"A To me it looked white.

"Q I wonder if you will step up to the board using Plaintiffs' Exhibit 5 in evidence.

"This is supposed to be a white car. Would you place this white car where you had occasion to observe it behind the pickup truck?

"A About here (indicating).

"Q So that the record will be clear, I wonder if we can have you draw a circle around the white car to indicate where it was.

"Now, have you since learned who was in the white car?

"A The Arzatis.

"Q Now, you may resume the stand. (Whereupon the witness resumed the stand.)

"At the time that you were hit, had you taken any of your kids out of the car at all?

"A No. I was holding my four-year old still half there.

"Q Half in and half out?

"A Yes."

On cross-examination, she stated, when questioned as to whether the Arzati vehicle had struck the pickup truck causing the second impact:

"No. There was an impact—I can't tell you which car hit, but there was an impact."

She also stated that when she was looking back just before the second impact she saw the green truck and a light-colored car and the top of a "semi" truck coming. She placed the white car on the diagram behind the pickup truck. She further testified that the first and second impacts were "about the same." She then stated that she got her four-year-old boy and her daughter out of the car, and turned to run to the fence. The Arnold car was driven toward her and pinned her against the fence.

The defendant testified that he was driving on the inside lane in the duststorm, and braked his car as much as he could without skidding—that he saw two cars in the right lane—one protruding in his lane which he barely grazed, hitting its left front fender while he was going eight or ten miles per hour. He parked on the highway a hundred or 125 feet farther ahead and to the right on the shoulder, got out of his car, and talked with the driver of another car which had pulled in behind him. He lighted a flare, and walked back toward the car ahead, hoping to warn the "semis" with the flare. He heard a collision, and turned away from the area. It was stipulated between plaintiffs and defendant that a medical doctor would testify that:

"* * * 3-impact collision was the competent producing cause of the conditions for which he treated Esther Avechuco and for which she was hospitalized on two occasions and for which she is still suffering some residual disability."

The plaintiffs contend that it was the defendant's car which hit the pickup which in turn hit their car at the time Esther was injured during the second impact. They base this contention on plaintiffs' testimony that no car had passed them after they passed the "semi" trailers and hence the defendant had to be behind them.

█ Defendant testified that he had passed a red-and-white Ford before he reached the underpass. There was only one red-and-white Ford identified, and that was plaintiffs'. However, for the purpose of a motion for directed verdict we must assume that the testimony of the plaintiffs was correct. Casey v.

Beaudry Motor Co., 83 Ariz. 6, 315 P.2d 662.

The plaintiffs further point out that the defendant's car had white paint on it resulting from an impact, as testified by both plaintiffs and defendant. They draw the inference that this, coupled with plaintiffs' testimony that defendant had not passed them, was sufficient evidence to show the second impact was caused by the defendant's car.

The issue in the instant case is whether the plaintiffs proved a prima facie case. If the evidence was sufficient to sustain a verdict based upon the alleged negligence of the defendant, then the motion should have been denied. Robledo v. Kopp, 99 Ariz. 367, 409 P.2d 288; Davis v. Weber, 93 Ariz. 312, 380 P.2d 608; Costello v. Wood, 89 Ariz. 270, 361 P.2d 10; Nieman v. Jacobs, 87 Ariz. 44, 347 P.2d 702; Casey v. Beaudry Motor Co., supra; Picow v. Baldwin, 77 Ariz. 395, 272 P.2d 613.

We have held, in making a determination as to the correctness of a directed verdict, that the evidence must be viewed in the light most favorable to the plaintiff; and that the Court must consider the evidence and the inferences to be drawn therefrom in the light most favorable to the party against whom the verdict was directed. Eaton Fruit Co. v. Calif. Spray-Chemical Corp., 103 Ariz. 461, 445 P.2d 437; Robledo v. Kopp, supra; LeRoy v. Phillips, 97 Ariz. 263, 399 P.2d 669; Sturm v. Heim, 95 Ariz. 300, 389 P.2d 702; Spain v. Kelland, 93 Ariz. 172, 379 P.2d 149; In Re Stitt's Estate, 93 Ariz. 302, 380 P.2d 601; Reed v. Gavin, 91 Ariz. 38, 369 P.2d 660; Nieman v. Jacobs, supra; Casey v. Beaudry Motor Co., supra; Pena v. Stewart, 78 Ariz. 272, 278 P.2d 892.

■ It requires an examination of the evidence to determine whether it is sufficient to make out a prima facie case. Both plaintiffs testified that they did not see defendant's automobile before or at the time of the impact—nor did they know which car caused the second impact. The only testimony as to either of them seeing the car was that of Esther who said that she saw it parked north of the accident scene. She testified that when they took her from the fence she sat for a while, and that the defendant's car "was standing quite a few feet away from the accident scene." She was then asked if it was north of the accident scene toward Phoenix, and she answered in the affirmative; that previous to this time she had not seen the defendant's car. The defendant's testimony was to the effect that the grazing of the car that he had passed was only slight, and was caused by the other car's left front fender.

Plaintiffs' Exhibit No. 1 is a picture of the defendant's car. The picture corroborates defendant's testimony that the dent on the car was only slight. It does not reflect any substantial damage. There was no evidence by an exhibit or otherwise that such an impact would have moved another car a half of its length. While the picture is taken from the side, the front bumper does not show any damage. The contention of the plaintiffs is that the Adame pickup was hit by a white car from the rear. Neither the picture nor the testimony of the defendant substantiate the contentions that the defendant's car had hit a car in the rear.

Esther's testimony was to the effect that she did not know which car had hit the pickup which caused the impact, but she did say that she had seen the other car (Arzati's) behind the pickup, which makes the possibility that it could have been caused by that car. We held in Buzard v. Griffin, 89 Ariz. 42, 358 P.2d 155, that:

"* * * it has long been the rule in Arizona that in order to draw an inference from an inference, the prior inference must be established to the exclusion of any other reasonable theory rather than by a probability. New York Life Insurance Co. v. McNeely, 52 Ariz. 181, 196, 79 P.2d 948."

The evidence in the instant case does not exclude another reasonable theory. The

plaintiff cites in his brief Peterson v. Salt River Project Agr. Imp. & Pow. Dist., 96 Ariz. 1, 391 P.2d 567, as follows:

> "This Court has consistently held that the trial court is justified in directing a verdict only where the evidence is insufficient to support a contrary verdict or so weak that the Court would feel constrained to set aside such a verdict on a motion for a new trial. In viewing the evidence to determine whether it is such that reasonable men might conclude the fact of negligence, such evidence must be viewed in a light most favorable to him who urges that it be submitted to the jury as against the party who urges that no jury question has been presented. * * *"

We agree with the law as set forth in Peterson, but point out that it involved a question as to whether there was negligence in the case, while in the instant case the question is whether there was prima facie evidence showing that the defendant's car was the one that caused the impact number two. In Nieman v. Jacobs, supra, 87 Ariz. at page 47, 347 P.2d at page 704, we said:

> "Absent the special evidentiary rule of res ipsa loquitur, a plaintiff in a negligence action, in order to withstand a motion for directed verdict at the close of its case, must make out a prima facie case of actionable negligence; to-wit, plaintiff must show the existence of a duty owed by defendant to plaintiff, a breach of that duty, and an injury proximately caused by such breach. Dungan v. Brandenberg, 72 Ariz. 47, 230 P.2d 518; Krysiak v. Acme Wire Co., D.C. N.D.Ohio 1959, 169 F.Supp. 576. Assuming the duty owed plaintiffs by defendant in the instant case, there is no evidence in the record specifying the particular manner in which defendant breached that duty. Plaintiffs offered no proof of the particulars of defendant's alleged negligence. Rafferty v. Northern Utilities Co., 73 Wyo. 287, 278 P.2d 605; Krysiak v. Acme Wire Co.,

supra. By their evidence produced in the course of the trial, plaintiffs established little more than that the elevator in fact did not operate properly and that Mr. Nieman sustained injury while attempting to leave it. The situation, therefore, falls squarely under the rule that negligence may not be presumed from the mere fact that an accident has occurred or that an injury has been sustained. [Cases cited.] If we go on to assume, however, that defendant was negligent, we must at the same time hold that plaintiffs failed to establish a prima facie case of actionable negligence. Krysiak v. Acme Wire Co., supra."

In the instant case the plaintiffs have not shown by sufficient evidence that the defendant's car was the one that caused impact number two, nor does the evidence exclude by any reasonable theory other than the inference of the probability that the defendant's car was the one that caused the impact. The evidence falls short of establishing a prima facie case.

The judgment is affirmed.

STRUCKMEYER, V. C. J., and HAYS, J., concur.