532 P.2d 181

**FARM-AERO SERVICE INC., an Arizona Corporation, Appellant,**

v.

**HENNING PRODUCE INC., a California Corporation, William B. Hubbard, an Individual, and Zeke Arakelian, an Individual, Appellees.**

No. I CA-CIV 2239.

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 27, 1975.

Rehearing Denied March 27, 1975.

Review Denied April 29, 1975.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth &. Beshears by Ralph E. Hunsaker, Jolyon Grant, and Dunn, Jones, Teilborg, Sanders, Haga & Parks, P. C. by James A. Teilborg, Phoenix, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl by C. Michael Pierce, Joseph L. Moore, Phoenix, for appellees.

## OPINION

EUBANK, Judge.

This appeal questions the sufficiency of circumstantial evidence to support a jury verdict.

Appellant, Farm-Aero Service Inc., is an Arizona corporation engaged in aerial crop dusting. Appellees are produce growers with farming operations in western Maricopa County. During October 1969, an aerial applicator plane sprayed defoliant over appellees' lettuce fields causing significant damage. The growers claimed that the aircraft was owned and operated by Farm-Aero. Farm-Aero denied the allegation. During the trial which followed, appellees produced circumstantial evidence establishing Farm-Aero's responsibility for the incident. The jury returned a verdict in favor of appellees and this appeal followed.

Appellant's main contention is that the jury's verdict was contrary to the weight of the evidence. We disagree. Resort to circumstantial evidence was necessary in this case because of the failure or absence of direct proof. However, circumstantial evidence can be as persuasive as direct proof when it provides the basis for a reasonable inference as to the ultimate fact. We recognize the probative value of direct and circumstantial evidence as being essentially similar, and there is no distinction as to the weight assigned each. State v. Harvill, 106 Ariz. 386, 476 P.2d 841 (1970). Our concern in this case is wheth-

er the evidence presented was sufficient to support the verdict rendered. In making this determination, we will consider the evidence in the light most favorable to sustaining the verdict and indulge in all reasonable inferences to support the judgment. City of Tucson v. Sanderson, 104 Ariz. 151, 449 P.2d 616 (1969).

On October 23, 1969, an aerial applicator plane was observed spraying what was later identified as a defoliant over the appellees' fields. A witness testified that the aircraft disappeared from view in the vicinity of a landing strip adjoining a nearby citrus grove. Appellees introduced evidence indicating that the appellant was operating an aircraft from that landing strip around the time of the damage and was spraying defoliant over nearby fields. According to the records of the State Board of Pesticide Control, no other aerial applicators were operating within six miles of appellees' property on the day in question. Two witnesses testified as to the color and construction of the airplane which caused the damage. One stated that it was a yellor or grey biplane. The other testified that the craft was yellow and grey, having a dark fuselage with yellow wing tips and an open canopy with a hump behind the cockpit. This witness identified the craft as a Grumman Ag-Cat biplane. An officer of the appellant corporation admitted that the company was operating a Grumman Ag-Cat biplane in the area during October, and that the factory colors of such craft were gunmetal grey with yellow wing tips. However, he denied that the craft was responsible for the damage and testified that it did not have an open canopy nor a hump behind the cockpit. Moreover, a work order from the company records indicated that the plane was flying in the area on October 24th, not the 23rd. According to a report filed by appellant with the Pesticide Control Board, however, the plane was operating over an area adjacent to appellees' fields on October 23rd.

Clearly, there was a conflict in the evidence which raised a question of fact for the jury to resolve. The identity of the aircraft which caused the damage was in dispute. The evidence presented by appellees made it more probable than not that the craft was owned and operated by the appellant. In civil cases, a conclusion as to an ultimate fact will be supported by the evidence if the inference that such fact exists is more probable than any other inference which can be drawn from the evidentiary facts. New York Life Ins. Co. v. McNeely, 52 Ariz. 181, 79 P.2d 948 (1938); Udall, Evidence § 111 (1960). This test for the sufficiency of evidence applies to both direct and circumstantial evidence. *See* State v. Harvill, supra.

Applying it in this case, we are compelled to conclude that sufficient evidence was presented from which the jury could reasonably infer that the Farm-Aero craft was responsible for the damage.

Appellant further argues that the trial court improperly denied its motion for a directed verdict because the evidence presented required the jury to draw an unwarranted inference upon an inference. Specifically, appellant contends that the jury had to infer not only that the Farm-Aero craft was responsible for the damage, but that the pilot of the craft was acting within the scope and course of his employment. The record does not sustain appellant's argument. If the evidence was sufficient to sustain the jury's verdict, the trial court properly denied the motion for a directed verdict. Avechuco v. Awtrey, 106 Ariz. 44, 470 P.2d 451 (1970). Moreover, appellant confuses the principle of law upon which it relies.

In New York Life Ins. Co. v. McNeely, 52 Ariz. 181, 79 P.2d 948 (1938), our Supreme Court said:

"The proof of an ultimate fact may be made in two manners, the one by direct or, as it is sometimes called, testimonial evidence, and the other by indirect or, as it is frequently denominated, circumstantial evidence. But it is the rule of law that while a conclusion as to an ultimate fact may be based upon an inference

from circumstantial evidence, in reaching such conclusion the inference as to the ultimate fact may not be based on an inference as to the existence of the circumstantial facts." (52 Ariz. at 192–93, 79 P.2d at 953)

Appellant's argument, therefore, is that ownership of the plane was a circumstantial fact from which the jury inferred that the pilot was acting within the scope and course of his employment. This analysis is clearly erroneous. The identity and ownership of the plane was an ultimate fact. *See* Curtis v. Boquillas Land & Cattle Co., 9 Ariz. 62, 76 P. 612 (1904); Hunsaker v. Smith, 1 Ariz.App. 51, 399 P.2d 185 (1965). Whether the pilot was acting within the course of his employment was also an ultimate fact to the extent that it was at issue. Moreover, the evidence presented by appellees to establish that Farm-Aero's craft was responsible for the damage was also sufficient to support the jury's conclusion that the pilot was acting within the course and scope of his employment.

Finally, we note that in McNeely the court said:

"The principle which is applied by the average man in his own private affairs usually is that no matter how many inferences are piled on each other, it is only necessary that each successive inference should be more probable than any other which might be drawn under all the circumstances. The courts, however, have always insisted that the life, liberty and property of a citizen should not be taken away on possibilities, conjectures, or even, generally speaking, a bare probability. In criminal cases, they demand that when a conviction is to be based on a chain of inferences, each and every link in that chain must exclude every other reasonable hypothesis. In civil cases, involving only property rights, the rule is not so strict, and it is sufficient, if the ultimate fact is to be determined by an inference from facts which are established by direct evidence, that it be more probable than any other inference which could be drawn from the facts thus proven. But when an inference on the probability of the ultimate fact must be drawn from facts whose existence is itself based only on an inference or a chain of inferences, it will be found that the courts have, with very few exceptions, held in substance, although usually not in terms, that all prior links in the chain of inferences must be shown with the same certainty as is required in criminal cases, in order to support a final inference of the probability of the ultimate fact in issue. We think that this is the true meaning of the 'inference upon inference' rule in civil cases as borne out by a careful analysis of the majority of cases in which it has been applied, and that the courts do not mean that under no circumstances may an inference be drawn from an inference, but rather that the prior inferences must be established to the exclusion of any other reasonable theory rather than merely by a probability, in order that the last inference of the *probability* of the ultimate fact may be based thereon. This rule is not based on an application of the exact rules of logic, but upon the pragmatic principle that a certain *quantum* of proof is arbitrarily required when the courts are asked to take away life, liberty or property." (52 Ariz. at 195–96, 79 P.2d at 954–55)

The statement that prior inferences must be established to the exclusion of any other reasonable theory in civil cases has been the subject of much criticism and confusion. *E. G.,* Udall, Evidence § 111, n. 25 (Supp.1973). In those cases where the rule has been applied, it is clear that the court was concerned with the probative value of the evidence as a whole, and not the character of the evidence as direct or circumstantial. *E. g.,* Avenchuco v. Awtrey, 106 Ariz. 44, 470 P.2d 451 (1970); Gipson v. E. D. Babbitt Motor Co., 13 Ariz.App. 502, 478 P.2d 117 (1970). In State v. Harvill, supra, our Supreme Court rejected the rule, relied upon in McNeely, that where a conviction in a criminal case is based upon

a chain of inferences, each and every link in the chain must exclude every other reasonable hypothesis. We suggest that the decision in Harvill has, at the very least, placed the rule stated in McNeely in serious doubt. In any case, that rule has no application to the facts of this case. The evidence here was sufficient to go to the jury.

The judgment is affirmed.

JACOBSON, P. J., and HAIRE, C. J., concur.