Willard BRUENGER et ux., Appellants,

v.

S. T. BURKETT, Appellee.

No. 3769.

Court of Civil Appeals of Texas.

Eastland.

Jan. 25, 1963.

Rehearing Denied Feb. 15, 1963.

Mark Callaway, Brownwood, for appellants.

Woodward & Johnson, Coleman, for appellee.

COLLINGS, Justice.

S. T. Burkett brought suit against Willard Bruenger and his wife, Melba Bruenger, alleging that defendants were partners in the business of spraying cotton and other crops for the purpose of killing insects; that on June 28, 1961, plaintiff employed defendants to spray his 100 acre field of cotton because of insect infestation; that defendants by use of an airplane did spray plaintiff's cotton crop and in the operation negligently used some sort of herbicide, chemical or poisonous substance; that by reason of such action by defendants, plaintiff's cotton crop was partially destroyed, production was reduced and the crop damaged in the amount of $9,714.53.

Defendants answered by a general denial and also alleged specific facts tending to show a lack of liability on their part and filed a plea of estoppel. Defendants also brought a cross-action against the plaintiff for the alleged contract price of two other spraying operations of plaintiff's crop in the amount of $450.00.

The case was tried before a jury which found that defendants had negligently sprayed plaintiff's cotton with an improper and poisonous chemical which damaged said

cotton. Based upon such finding and upon other findings bearing upon the issue of damages, judgment was entered for plaintiff in the sum of $3,178.03. Mr. and Mrs. Bruenger have appealed.

■ Appellants present points urging that there was no evidence of any negligence on the part of appellants in the use and application of the chemical used in spraying plaintiff's cotton and that the court therefore erred in refusing to grant appellants' motion for an instructed verdict and in refusing to grant their motion for judgment non obstante veredicto. In our opinion there was ample evidence to support the findings of the jury in this respect and the court did not err in overruling appellants' motions for an instructed verdict and for judgment non obstante veredicto. There was testimony by several witnesses to the effect that prior to the spraying operation the condition of plaintiff's cotton crop was good; that the foliage was thick and the cotton healthy and that the cotton, in the absence of the damage complained of, would probably have made about 50 bales or more. Mr. Burkett testified that after some difficulty in getting started, the spraying of the cotton began, and was completed at about 10:30 on the morning of the spraying. The evidence further showed that by noon of that day the cotton was wilting or dying. Mr. Burkett testified that many of the plants never revived; that the damage was worse in spots and that the leaves of the cotton would "kind of swivel." Mr. Williams, an expert witness, testified that he was a graduate of Texas A&M, was a former County Agent and familiar with sprays, insecticides and herbicides. He testified that he examined the field of cotton in question after the spraying and, in his opinion, it showed "typical herbicide damage"; that there was some damage all over the field but there were strips which were completely dead. He testified that the leaves of the plants and the bolls had grown in an odd way; that he examined certain stalks of the cotton, which were taken from the field and introduced in evidence, and that such stalks were typical of those which he found all over the field. Mr. Williams also testified concerning a telephone conversation he had with appellant, Bruenger, and stated that Mr. Bruenger had agreed that the condition of the cotton crop after the spraying indicated herbicide damage and the use of some solution other than that properly needed for killing insects.

In our opinion the evidence amply supports the findings of the jury that the defendants sprayed plaintiff's cotton crop with a herbicide or poison that killed or damaged the cotton. We also hold that the evidence of such action on the part of the defendants supports the finding that they were guilty of negligence and that such negligence was the proximate cause of the damage to plaintiff's cotton crop. We also overrule appellants' point in which it is contended that the court erred in overruling appellants' motion for an instructed verdict because such findings of the jury are against the great weight and preponderance of the evidence. The findings were not against the great weight and preponderance of the evidence, and even if such had been the case, it would not have been proper for the court to have instructed a verdict on that ground.

■ It is contended in appellants' third point that the court erred in overruling their motion for judgment against appellee for $450.00 on their cross-action. Appellants urge that the pleadings and the uncontradicted evidence showing two additional spraying operations entitled them to such judgment even though no issue was submitted to the jury in this connection. This point is not well taken. Appellants did seek recovery for this item in their pleadings. Appellee admitted that after the spraying complained of appellants sprayed the cotton on two other occasions as provided by the contract and that at the time of the trial appellants had not been paid the contract price of $450.00. Appellee contends, however, that the answers of the jury to the special issues and the judgment have

taken into consideration and include a proper disposition of appellants' claim for $450.-00. In this connection special issue Number 5 requested a finding concerning the reasonable cost or expense "of cultivating, picking or stripping, ginning and marketing the cotton had it not been so damaged." In answer to this special issue the jury found the amount to be $42.50 per bale. While the jury was deliberating it requested the court to make "a more specific interpretation" of issue Number 5. The court thereupon, without objection by either party, by written instruction, informed the jury that "the inquiry is to the total cost or amount that would have been reasonably expended from the time of cultivation to the ginning of the cotton crop that he would have made had there been no damage." Under this instruction it is obvious that when the jury found the amount of $42.50 per bale as the amount that would have been reasonably expended from the time of cultivation through ginning, that such finding took into consideration and included the cost of spraying in the amount of $450.00, which the pleadings and evidence show appellants were entitled to under the contract. The judgment based upon the finding, therefore, also included an offset in favor of appellants for $450.00.

■ The court in its charge advised the jury that circumstantial evidence was competent evidence and that a cause of action might be proved by circumstantial evidence as well as by direct evidence. The court then further instructed the jury that circumstantial evidence was proof of minor facts, which by indirection, logically and rationally demonstrated facts to be proved and that direct evidence was proof of facts by witnesses who saw the acts done or heard the words spoken. In appellants' fourth point it is contended that the court erred in overruling their objections to the charge on circumstantial evidence and in failing to amend such instructions because they were incomplete and misleading on the law of circumstantial evidence and constituted a charge on the weight of the evi-

dence. This point is not well taken. The instruction and definition concerning circumstantial evidence as hereinabove stated is substantially and in essence the same as that approved by our Supreme Court in Larson v. Ellison, 147 Tex. 465, 217 S.W.2d 420.

We have considered all points presented by appellants and the record in connection therewith and find no reversible error.

The judgment is affirmed.