PACIFIC INSURANCE COMPANY OF
NEW YORK, Plaintiff in Error,

v.

Myron E. FRANK, an individual d/b/a
Frank's Department Store, De-
fendant in Error.

No. 41520.

Supreme Court of Oklahoma.

Jan. 28, 1969.

Rehearing Denied April 22, 1969.

Loeffler & Allen, by Sam T. Allen, Bristow, for plaintiff in error.

Thomas A. Wallace, Sapulpa, for defendant in error.

BERRY, Vice Chief Justice.

Defendant in error, plaintiff below, brought an action to recover for loss under a fire insurance policy issued by plaintiff in error, hereafter referred to as defendant, or the insurer. Judgment was entered upon a jury verdict in favor of plaintiff and defendant appealed.

Plaintiff owned and operated a retail department store, located in a leased building in Sapulpa, Oklahoma. The furniture and store fixtures were insured for $15,000.00, under the policy involved. Early in the morning of April 14, 1963, (Easter Sunday) the property was destroyed by fire. Plaintiff notified defendant and furnished proof of loss, based upon plaintiff's valuation of the property. Defendant denied liability and suit was brought to recover the face amount of the policy. The peti-

tion alleged issuance and effectiveness of the policy, loss by fire and demand upon defendant, who refused to pay according to terms of the policy.

Defendant answered admitting allegations as to the fire and resulting loss, but denied value of the property and charged plaintiff knowingly overestimated values with intent to deceive defendant, for which reason no liability existed; further, defendant was not liable upon the policy because plaintiff either burned, or procured burning, of the property.

Plaintiff replied by general and special denial of all defenses alleged. The issues raised were tried to a jury, and a verdict was returned in plaintiff's favor for the policy value. The judgment entered upon this verdict provides the issues raised upon appeal.

The claim for reversal is advanced under six assignments or contentions. The matter hereafter discussed being dispositive of the cause, and since the case must be retried, we avoid mention of other alleged errors sought to be presented. Factual matters mentioned hereafter are sufficient to disclose the controlling issue.

Plaintiff's store occupied a leased building under a ten year lease which would have expired July 1, 1963. A renewal option clause required filing of written intent to renew within 90 days prior to expiration, but plaintiff had not filed same. There was evidence the store had lost money during two years prior to the fire, although part of this was a book value loss for tax purposes. During the pre-Easter season plaintiff neither planned nor advertised an Easter sale. Plaintiff left the store the afternoon preceding the fire and went to an oil lease in Okmulgee County, then to his home in Tulsa where he remained until about midnight. The regular employees closed the store about 6:30 that evening.

After midnight plaintiff left home to check producing oil leases near Beggs, in Okmulgee County. Plaintiff checked the wells, pumping equipment and tanks on

four separate leases and, according to his testimony, then drove to Sapulpa to secure a geological map. After securing the map plaintiff left the store and started towards his car, which had been parked a block south and half block east of the store. Before reaching the car plaintiff became concerned whether store door had been locked and returned to the store to check this. On neither trip did plaintiff notice smoke, odor, burning, or anything amiss. Walking back to the car plaintiff came abreast of a patrol car and was identified and spoken to by the police officer. Plaintiff then drove to his Tulsa store, and then home and to bed without knowledge anything had occurred until arriving back at the store next morning while fire still was burning.

The officer above mentioned, who spoke to and identified plaintiff, was patroling three blocks away from the meeting point with plaintiff when an explosion was heard. The officer drove a block and a half east and heard a second explosion whereupon he turned the car around and saw the building front was blown out and smoke coming from the store. A test drive in daytime traffic required two minutes and twenty seconds from the point where the officer heard the first explosion. Investigation by arson experts assertedly ascertained the presence of highly flammable liquids in the area where the fire started. Although plaintiff testified no flammable materials were kept in the store, the evidence eventually showed there were containers of unused paint in the building, which plaintiff had used at different times.

■ Defendant's principal contention involves the trial court's refusal to give a requested instruction defining circumstantial evidence, advising the jury this was evidence which could be inferred from proven facts and, if the fire was found to be of incendiary origin and plaintiff was found to have motive and capability of setting the fire, which could be inferred from proven circumstances, a presumption arose plaintiff did in fact set the fire and he was required to rebut such presumption. It is

unnecessary to consider the argument advanced in support of this instruction. The requested instruction admittedly expresses the law of another jurisdiction, which has not been adopted in this state.

■ We are of the opinion, however, error resulting from the trial court's failure to give any instruction properly advising the jury as to the nature and theory of the defendant's defense was so prejudicial as to require reversal and retrial of this case. The plea of nonliability, because same resulted from fire of incendiary origin, was an affirmative defense. The party asserting an affirmative defense bears the burden of producing evidence in support thereof, and must prove every essential fact by a fair preponderance of evidence. Standard Marine Ins. Co. v. Traders' Compress Co., 46 Okl. 356, 148 P. 1019.

■ Numerous problems arise from admission or exclusion of circumstantial evidence. See 31A C.J.S. Evidence § 161. Such evidence is competent to prove any given fact in a civil case, and it is unnecessary such proof rise to the degree of certainty to support only one reasonable conclusion to exclusion of all others. Cities Service Gas Co. v. Eggers, 186 Okl. 466, 98 P.2d 1114, 126 A.L.R. 1278; Chickasha Cotton Oil Co. v. Hancock, Okl., 306 P.2d 330; WeGo Perforators v. Hilligoss, Okl., 397 P.2d 113. Many facts are provable only by circumstantial evidence, which may be so strong or contradictory as to justify disbelief of direct evidence. See 30 Am. Jur.2d, Evidence § 1091.

■ These principles are pertinent herein only in relation to the error resulting not only from the trial court's refusal of a requested instruction, but also from failure to give any instruction defining circumstantial evidence or advising the jury such evidence properly could be considered in determining the issue relied upon in defense to the action. Review of decisions from this court, and from other jurisdictions, indicates the usual origin of the

problem is the giving of an instruction relative to the nature and weight of circumstantial evidence. Most reported cases turn upon the point that instructions defining and allowing jury consideration of circumstantial evidence are proper.

Thus in Bruenger et ux. v. Burkett (Tex.), 364 S.W.2d 453, it was held that an instruction which advised the jury such evidence was as competent and proper to prove a cause of action as direct evidence was correct and did not constitute a charge upon weight of the evidence.

In Ford Mtr. Co. v. Fish (Ark.), 346 S. W.2d 469, the trial court gave a specific instruction defining circumstantial evidence, and advised the jury facts could be established by such evidence when existence of these facts could be fairly and reasonably inferred from other proven facts in the case. The contention this instruction permitted the jury to indulge in speculation and conjecture was denied.

In Gennari v. Prudential Ins. Co., etc. (Mo.), 324 S.W.2d 355, the trial court gave an instruction which limited the jury to consideration of the "facts given in evidence", and denied the jury's right to draw inferences from facts in evidence. This was held to be prejudicially erroneous because it denied plaintiff the probative value of circumstantial evidence in her behalf.

In Kinyon v. Chicago & N. W. R. Co., 118 Iowa 349, 92 N.W. 40, the inquiry involved a requested instruction relative to circumstantial evidence. That court stated although a requested instruction was not so framed as to justify being given, if the main thought sought to be expressed contains a pertinent legal principle *not already fully covered by other instructions given,* the trial court should embody this in proper words in the charge given.

In Chase v. Watson, Okl., 294 P.2d 801, error was urged for refusal of three requested instructions which contained reference to circumstantial evidence plaintiffs assertedly relied upon to show fraud and misrepresentation. Denying this contention, we pointed out the instructions given included the substance of those requested. And, since plaintiffs' case did not rest entirely upon circumstantial evidence, it was unnecessary for the trial court to give special instructions in this regard.

The two decisions last cited are persuasive of two principles. First, where a requested instruction expounds a pertinent legal principle not fully covered by the instructions given, the trial court should embody this in a proper instruction for the jury's consideration. Second, under Chase, supra, it would appear where a litigant relies entirely upon circumstantial evidence in support of the cause of action or defense, the trial court must give a special instruction in this regard.

The defense of arson was provable by circumstantial evidence. Indeed, it is highly unlikely such defense could be supported otherwise in most cases. The circumstantial evidence offered by defendant, if properly submitted for consideration and believed by the jury, would have been sufficient to sustain the defense presented. The trial court's instruction (No. 4) merely stated arson was a defense if the jury found plaintiff burned, or procured burning of the store; but if arson was involved and defendant failed to prove plaintiff committed or procured commission of arson by preponderance of evidence they should find for plaintiff on this question. The jury neither was advised, nor had means of knowing, this defense was provable by circumstantial evidence which properly should be considered, or that a preponderance of evidence could be established by circumstantial evidence and the reasonable inferences deducible therefrom.

It is the trial court's duty to instruct the jury properly upon issues formed by the pleadings and evidence. Defendant's pleadings and supporting evidence presented the theory of defense. This matter further was called to the court's attention by a tendered instruction which was refused. Failure to instruct the jury, both as to the theory of defense and the permissible means of proving same, was

sufficiently prejudicial to defendant's case as to have prevented a full and fair consideration of the issue.

Reversed and remanded with directions to grant a new trial.

WILLIAMS, BLACKBIRD, HODGES and McINERNEY, JJ., concur.

IRWIN, C. J., and DAVISON, JACKSON and LAVENDER, JJ., dissent.