605 P.2d 458

**Albert I. CORREA and Janet Correa, husband and wife, Plaintiffs/Appellants,**

v.

**Roy CURBEY and Dorothy Curbey, husband and wife, Defendants/Appellees.**

No. 2 CA–CIV 3035.

Court of Appeals of Arizona, Division 2.

Oct. 26, 1979.

Rehearing Denied Dec. 3, 1979.

Review Denied Jan. 3, 1980.

Robert C. Moore, Phoenix, for plaintiffs/appellants.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons, P. C., by Merle M. Allen, Jr. and Steven H. Everts, Mesa, for defendants/appellees.

## OPINION

HATHAWAY, Judge.

The principal issue presented on appeal by plaintiffs/appellants is whether the trial court committed reversible error in refusing to instruct the jury on strict liability. We find that it did and reverse.

The Correas brought this action against appellees Curbey for damages to their residence and well as a result of alleged blasting operations conducted by the Curbeys on their adjoining property. The testimony was conflicting as to whether any explosions had in fact occurred and the jury returned a defense verdict. Plaintiffs claim error in the refusal to give certain instructions.

The first error claimed is the refusal to give the following requested instruction concerning strict liability:

"I instruct you that when a person decides to use explosives upon his own property and in so doing causes damage to the property of persons living near him, the person so using the explosives is liable to such nearby persons for such damage. And so in this case, if you find from the evidence that defendants Curbey, or either of them, caused an explosion or explosions to occur on their property which caused substantial damage to plaintiffs Correas' property, then the defendants would be liable to plaintiffs for all such damage."

The evidence must be considered in the strongest manner supporting the theory of the party requesting the instruction. *Schneider v. Macari,* 111 Ariz. 483, 533 P.2d 540 (1975); *Webb v. Hardin,* 53 Ariz. 310, 89 P.2d 30 (1939). If there is any evidence tending to establish such theory, the instruction should be given even if contradictory facts are also presented, and the weight of the evidence is for the jury to determine. *Nichols v. Baker,* 101 Ariz. 151, 416 P.2d 584 (1966); *Townsend v. Whatton,* 21 Ariz.App. 556, 521 P.2d 1014 (1974); *Wilson v. Sereno,* 11 Ariz.App. 35, 461 P.2d 514 (1969).

While there is case law in Arizona dealing with strict liability when products are involved, the issue of strict liability when the defendant is engaged in an abnormally dangerous activity has not been passed upon by the courts. There being no authority to the contrary, we look to the Restatement (Second) of Torts, *Barnum v. Rural Fire Protection Company,* 24 Ariz.App. 233, 537 P.2d 618 (1975), to determine first whether the requested instruction is a correct statement of the law as contained in Sections 519 and 520 of the Restatement. Section 519 states that imposition of strict liability is limited to those who carry on abnormally dangerous activities. Section 520 sets forth the factors to be considered in determining whether a particular activity is abnormally dangerous, and comment 1 to this section requires that the trial court make this determination. *Loe et ux. v. Lenhardt et al.,* 227 Or. 242, 362 P.2d 312 (1961); *Smith v. Lockheed Propulsion Company,* 247 Cal. App.2d 774, 56 Cal.Rptr. 128 (1967). The record on appeal does not specifically indicate that this determination was made. However, implicit in the court's refusal to give an instruction on strict liability is the determination that blasting was not an abnormally dangerous activity.

Normally, we will not disturb the trial court in the exercise of its discretion unless it is clearly incorrect. *State v. Janise,* 116 Ariz. 557, 570 P.2d 499 (1977); *Visco v. Universal Refuse Removal Company,* 11 Ariz.App. 73, 462 P.2d 90 (1969); *Hackin v. First National Bank of Arizona,* 5 Ariz.App. 379, 427 P.2d 360 (1967). We believe the court incorrectly determined that blasting, if proven by the evidence, would not serve as the basis for strict liability. A clear majority of American jurisdictions have adopted the view that blasting is the paradigm case of abnormally dangerous activities and have held one who uses explosives strictly liable for any damage caused. Annot., 20 A.L.R.2d 1372 (1951, Supp. 1970); 31 Am.Jur.2d, Explosions and Explosives, Sec. 35, et seq.

In a leading case dealing with liability for the storage of explosives, the Second Circuit Court of Appeals stated:

"Dynamite is of the class of elements which one who stores or uses in such a locality, or under such circumstances as to cause likelihood of risk to others, stores or uses at his peril. He is an insurer, and is absolutely liable if damage results to third persons, either from the direct impact of rocks thrown out by the explosion (which would be a common-law trespass) or from concussion." *Exner v. Sherman Power Const. Co.,* 54 F.2d 510 at 512, 513 (2nd Cir. 1931).

The question is: Who should bear the cost of any damages resulting from blasting, the person engaged in the dangerous activity or the innocent neighbor injured thereby? See *Yukon Equipment v. Fireman's Fund Ins. Co.,* 585 P.2d 1206 (Alaska 1978); *Spano v.*

**482**

*Perini Corporation*, 25 N.Y.2d 11, 302 N.Y. S.2d 527, 250 N.E.2d 31 (1969).

■ We note that the Restatement does not impose a per se rule of strict liability for any activity but rather requires an evaluation of each situation in terms of Sec. 520 to determine if the activity is abnormally dangerous. However, we believe that in an evaluation of the use of explosives, under any circumstances where harm results, a finding presumptively follows that such use was abnormally dangerous and strict liability will be imposed. Though there may be situations wherein the defendant could overcome this presumption, we believe defendants did not do so here. While there is some authority to the contrary requiring a showing of negligence in all cases involving the use of explosives before liability is imposed, *Stafford v. Thornton*, 420 S.W.2d 153 (Tex.Civ.App.1967), we believe the majority position read in terms of the Restatement is the better view.

In the instant case, there was conflicting testimony as to whether the defendant had caused any explosions. Nothing we have said here is intended to remove from the jury resolution of that issue. The jury verdict for the defendants was on the issue of negligently setting off explosives. We cannot say whether the verdict was based on finding that defendants were not negligent or that they had not set off any explosions. Therefore we must reverse for a new trial.

■ Because of our holding on strict liability, we need not consider the question concerning res ipsa loquitur. However, we do address the third error claimed, i. e., the refusal to give an instruction of punitive damages. This was error in view of the evidence which, when considered in the strongest manner supporting the claim for punitive damages, *Schneider v. Macari*, supra, if believed by the jury, would indicate wilful conduct on the part of the defendants. Mr. Correa testified that he hold Mr. Curbey about the damage caused by the first explosion and asked him for prior notice if any further blasting was to be done. He further testified that he informed Mr. Curbey that he wanted to avoid any dam-

age to his new well pump. If this testimony is accepted by the jury, it would indicate that the defendants had notice that the first alleged explosion had damaged plaintiffs' property, that they had been requested to notify the plaintiffs if further blasting were contemplated, that they had set off additional explosives without advance warning to the plaintiffs and that plaintiffs' property suffered additional damages.

Plaintiffs finally claim the trial court erred in giving RAJI 9 because it should have instructed the jury on strict liability and res ipsa loquitur. In view of what we have previously said about these two instructions, this claim is without merit.

Reversed and remanded for a new trial.

RICHMOND, C. J., and HOWARD, J., concur.