770 P.2d 397

**Lennie Doris ANDREWS and Ronald Gene Andrews, wife and husband, Plaintiffs/Appellants,**

v.

**FRY'S FOOD STORES OF ARIZONA, a California corporation; and Brown Industries Corporation, an Iowa corporation, Defendants/Appellees.**

**No. 2 CA–CV 88–0136.**

Court of Appeals of Arizona, Division 2, Department A.

March 16, 1989.

Harold Hyams & Associates, P.C. by Harold Hyams, Tucson, for plaintiffs/appellants.

Murphy, Goering, Roberts & Holt, P.C. by Howard T. Roberts, Jr., Tucson, for defendant/appellee Fry's Food Stores.

Douglas & Brown, P.A. by Warren R. Brown, Phoenix, for defendant/appellee Brown Industries.

## OPINION

HATHAWAY, Judge.

This is an appeal from a judgment entered on a jury verdict in favor of defendants/appellees Fry's Food Stores (Fry's) and Brown Industries (Brown) arising from appellants' (Andrews) lawsuit for injuries resulting from a trip and fall while appellant was shopping on Fry's premises. Andrews contend the trial court erred in (1) giving instructions requiring actual or constructive notice of a dangerous condition; (2) instructing the jury on open and obvious dangers without also including a distraction exception; (3) refusing an instruction on circumstantial evidence and (4) refusing to admit demonstrative evidence offered.

## FACTS

Lennie Andrews and her husband had been shopping at Fry's Food Stores on December 8, 1985. Mrs. Andrews went through the check-out counter and then joined her husband at a tool display located near the exit. The display had been set up at Fry's the day before by Brown Industries under a consignment arrangement. It consisted of stacked milk crates and sheets of plywood covered by plastic tarps long enough to reach the floor. Brown's usual business practice in setting up such displays was to staple or tape the tarp corners; the evidence was in conflict as to whether the corners on the display in question had ever been taped or stapled. Mrs. Andrews was looking at the tool display and as she went around one corner, she fell to the floor, hitting and injuring her right knee. She did not feel the tarp hit her feet as she fell, but found them wrapped in it afterwards. The testimony was in conflict as to whether the end flap of the tarp was sticking out onto the floor before appellant's fall, but it is not disputed that it was sticking out afterwards and that there was nothing else in the immediate area on which appellant might have tripped and fallen. The evidence also showed that Len-

nie Andrews had a history of medical problems with her knee dating from November 1981 through June 1985.

## JURY INSTRUCTIONS

 In reviewing whether a requested jury instruction should have been given, this court must look at the evidence in the light most favorable to the requesting party, and if there is any evidence tending to establish the theory posed in the instruction, it should be given even if there are contradictory facts presented. *Pioneer Roofing Co. v. Mardian Construction Co.*, 152 Ariz. 455, 733 P.2d 652 (App.1986); *Correa v. Curbey*, 124 Ariz. 480, 605 P.2d 458 (App.1979). The instructions must be viewed as a whole, and the test is whether the whole charge provided the jury with the proper rules for its decision making. *Kauffman v. Schroeder*, 116 Ariz. 104, 568 P.2d 411 (1977).

### A. Notice of a dangerous condition

 Appellants contend that the trial court erred in giving instructions which required that Fry's and Brown have actual or constructive notice of the dangerous condition before the jury could find liability. They contend that the instructions given misstate the law because they do not also advise the jury that such notice is not required if the dangerous condition was created by Fry's or Brown. *Preuss v. Sambo's of Arizona, Inc.*, 130 Ariz. 288, 635 P.2d 1210 (1981). Arizona law requires that a business proprietor affirmatively maintain premises reasonably safe for customers. *Chiara v. Fry's Food Stores of Arizona, Inc.*, 152 Ariz. 398, 733 P.2d 283 (1987). However, "the mere occurrence of a fall on the business premises is insufficient to prove negligence on the part of the proprietor." *Preuss*, 130 Ariz. at 289, 635 P.2d at 1211. The plaintiff must prove that the proprietor created the dangerous condition resulting in the fall, or that the proprietor had actual or constructive notice of the dangerous condition. *Id.* In reviewing the jury charge as a whole, those alternatives

for a finding of liability were not clearly presented.

Instruction number 18 states:

Before you can find in favor of the plaintiff and against the defendants, you must find each of the following:

1. That there existed at defendant's store a defective condition;

2. That the defective condition caused or contributed to the plaintiff's accident;

3. That the defective condition created an unreasonable risk of harm to patrons of defendant's store;

4. That the defendants knew or should have known that the unreasonably dangerous condition existed.

The evidence indicated that the corners of the tarp as set up by Brown might not have been stapled or secured, allowing the tarp to stick out, and that even if they had been secured, Fry's sweeping and other store operations could have caused the tarp corner to come loose. Such conditions would be attributable to Fry's and/or Brown. Cf. *Gee v. Salcido*, 2 Ariz.App. 280, 287, 408 P.2d 42, 49 (1965). Based on the instructions given, regardless of its factual conclusions, the jury was precluded from imposing liability based on a finding that appellees had created the dangerous condition. We therefore reverse.

### B. Open/obvious danger

 A possessor of land is not ordinarily negligent if injuries result from conditions on his property that are open and obvious. *Markowitz v. Arizona Parks Board*, 146 Ariz. 352, 706 P.2d 364 (1985). However, even open and obvious conditions may still be unreasonably dangerous. *Tribe v. Shell Oil Co.*, 133 Ariz. 517, 652 P.2d 1040 (1982). If an open and obvious condition is also found to be unreasonably dangerous, the possessor of land may be liable for physical injury caused by that condition. *Id.* Appellants contend that it was reversible error to give an open and obvious danger instruction without also stating an exception for distractions as unreasonably dangerous conditions. Andrews rely on the Restatement (Second) of Torts § 343(A), comment *f*, illustration 2 at 220 (1965), as

authority for the proposition that goods displayed constitute an unreasonably dangerous distraction. That a condition is open and obvious is merely a factor to be taken into consideration in determining if the condition was unreasonably dangerous. *Yuma Furniture Company v. Rehwinkel,* 8 Ariz.App. 576, 448 P.2d 420 (1968). "[I]t is not a factor to be used in determining the very existence of the duty which is a precondition for the exercise of the standard of care." *Markowitz,* 146 Ariz. at 356, 706 P.2d at 368. Reviewing the jury charge as a whole, the jury was given both an open and obvious instruction and an instruction which defined a dangerous condition as one which creates an unreasonable risk of harm. We find no reversible error.

## C. Circumstantial evidence instruction

■ Appellants assign error to the trial court's refusal of their circumstantial evidence instruction. Circumstantial evidence has just as much probative value as direct evidence. M. Udall and J. Livermore, Law of Evidence § 1 at 1 (2d ed.1982). A verdict may be supported entirely by circumstantial evidence, which may be used to prove any and all the ultimate facts in a case. *State v. Burton,* 144 Ariz. 248, 697 P.2d 331 (1985); *State v. Nash,* 143 Ariz. 392, 694 P.2d 222, cert. den. 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985); *State v. Harvill,* 106 Ariz. 386, 476 P.2d 841 (1970). Andrews offered the circumstantial evidence instruction because there was no direct evidence of what caused her to fall or that the corner of the tarp was sticking out before her fall. Appellees contend that because direct evidence was lacking, such a finding of ultimate fact would require building inference on inference and that each successive inference would have to be more probable than any other. *Farm–Aero Service, Inc. v. Henning Produce Inc.,* 23 Ariz.App. 239, 532 P.2d 181 (1975). *Farm–Aero* called into question, in civil cases, the theory that each prior inference must be established to the exclusion of any other reasonable hypothesis. In the present case, the court denied appellees' motion for a directed verdict, ruling that reasonable inferences could be drawn from all the evidence that the tarp was sticking out and caused the fall. We agree.

With reasonable inferences to warrant the giving of an instruction on circumstantial evidence, the next question is whether it was prejudicial error to have refused to do so. The jury was instructed in pertinent part:

It is also your duty to determine the facts. You must determine the facts only from the evidence produced in court. You should not guess about any fact.

\* \* \* \* \* \*

You must find the facts from the evidence. The evidence which you are to consider consists of testimony of witnesses and exhibits.

Without the circumstantial evidence instruction, the jury could have concluded that, in the absence of any direct evidence, a determination that the tarp was sticking out and caused Andrews' fall would amount to guesswork and would not be allowable under the jury charge given. Where appellants were relying entirely on circumstantial evidence in support of their cause of action, the refusal of such an instruction constitutes reversible error. *Pacific Insurance Co. of New York v. Frank,* 452 P.2d 794 (Okla.1969); *Tokarz v. Ford Motor Co.,* 8 Wash.App. 645, 508 P.2d 1370 (1973). The instructions given did not tell the jury that the facts could be established by circumstantial evidence and the inferences therefrom, *Buie v. Reynolds,* 571 P.2d 1230 (Okla.App.1977). Accordingly, appellants were deprived of the probative effect of their circumstantial evidence. *Gennari v. Prudential Insurance Co. of America,* 324 S.W.2d 355 (Mo.App.1959).

## DEMONSTRATIVE EVIDENCE

The trial court denied appellants' request to admit a model of the display table

as demonstrative evidence because the courtroom was too confined and, if allowed, would be misleading. A trial court has wide discretion in determining whether to allow demonstrative evidence and will not be overturned absent an abuse of discretion. *Payne v. M. Greenberg Construc-* *tion*, 130 Ariz. 338, 636 P.2d 116 (App. 1981). We find no abuse of discretion.

Reversed.

LACAGNINA, C.J. and LIVERMORE, P.J., concur.