NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STEPHEN CUTTER, *Plaintiff/Appellant*,

*v.*

ANNE CROWNINSHIELD, *Defendant/Appellee.*

No. 1 CA-CV 15-0780
FILED 1-31-2017

Appeal from the Superior Court in Maricopa County
No. CV2015-005453
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

Stephen Cutter, Tonawanda, NY
*Plaintiff/Appellant*

Anne Crowninshield, Los Angeles, CA
*Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

**J O N E S**, Judge:

¶1        Stephen Cutter appeals the trial court's order dismissing his complaint for failure to state a claim.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In April 2015, Cutter filed a complaint against Anne Crowninshield, John Whyte, and an unknown "John Doe" defendant, seeking compensatory and punitive damages arising under theories of negligence and strict liability for ultrahazardous activity.[1]  According to Cutter's complaint, he was exposed to "nanoparticles, nanoparticle matter, nano material and nano products" in 2002 when the defendants were involved in a "business venture that was experimental in nature" that required them to "us[e], handl[e] and manipulat[e] nanoparticles, nanoparticle matter, nano material and nano products."[2]  Cutter contends the defendants knew or should have known exposure to these nanoparticles could have an adverse effect on his health but did not warn him of those risks.  And, as a result of his exposure, Cutter reportedly suffered "illness and health problems."

¶3        Crowninshield moved to dismiss the complaint for failure to state a claim upon which relief could be granted.  *See* Ariz. R. Civ. P. 12(b)(6).  Cutter filed a response but did not address Crowninshield's arguments regarding the deficiencies in his complaint; nor did Cutter request leave to amend the complaint.  The trial court granted Crowninshield's motion and entered judgment in her favor.  Cutter timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1)[3] and -2101(A)(1).

---

[1]        Neither Whyte nor Doe are parties to this appeal; Cutter did not serve Whyte with the complaint and never discovered Doe's true identity.

[2]        A "nanoparticle" is "[a]ny of various microscopic particles, especially a single molecule . . . with dimensions in the nanometer range." *The Am. Heritage Dictionary* 1170 (5th ed. 2000).  A nanometer is one billionth of a meter.  *Id.*

[3]        Absent material changes from the relevant date, we cite a statute's current version.

**DISCUSSION**

¶4        We review the dismissal of a complaint for failure to state a claim *de novo*. *See Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 556, ¶ 17 (App. 2014) (citing *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7-8 (2012)). In doing so, we assume the truth of the well-pleaded facts of the complaint and indulge all reasonable inferences therefrom. *Coleman*, 230 Ariz. at 356, ¶ 9 (citing *Cullen v. Auto-Owners Ins.*, 218 Ariz. 417, 419, ¶ 7 (2008)). But "we do not accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005) (citing *Shannon v. Butler Homes, Inc.*, 102 Ariz. 312, 315 (1967), *Dockery v. Cent. Ariz. Light & Power Co.*, 45 Ariz. 434, 439 (1935), and *Kellogg v. Neb. Dep't of Corr.*, 690 N.W.2d 574, 578 (Neb. 2005)). We will affirm dismissal where the plaintiff is not entitled to relief under any facts susceptible of proof under the claims stated. *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346 (1996) (citing *Menendez v. Paddock Pool Constr. Co.*, 172 Ariz. 258, 261 (App. 1991)).

¶5        Arizona follows a notice pleading standard, intended to "give the opponent fair notice of the nature and basis of the claim." *Cullen*, 218 Ariz. at 419, ¶ 6 (quoting *Mackey v. Spangler*, 81 Ariz. 113, 115 (1956)). Here, Cutter alleges Crowninshield performed unknown activities involving microscopic particles of an unknown nature with two other persons, one of whom's identity is unknown, for an unknown business operating from a private residence whose owner is not identified. The mechanism by which those particles entered Cutter's bloodstream is unknown but, he alleges, they have caused him an, if known, unspecified illness. Cutter's vague and conclusory statements are not sufficient to provide Crowninshield fair notice of the nature and basis of the claim.

¶6        Moreover, despite bringing a negligence claim, Cutter does not allege a special relationship with Crowninshield that would give rise to a duty of care. *See Sullivan v. Pulte Home Corp.*, 237 Ariz. 547, 549-50, ¶ 6 (App. 2015) (identifying manners by which a duty of care may arise) (citing *Gipson v. Kasey*, 214 Ariz. 141, 145, ¶¶ 18, 23 (2007)). He does not elaborate on what specific risk the particles posed; nor does he provide any facts upon which we could infer that possessing or transporting these particles constituted an ultrahazardous activity, *see* Restatement (Second) of Torts § 520 and cmt. f. (1977) (discussing circumstances to be considered in determining whether an activity is abnormally dangerous) (cited favorably by *Correa v. Curbey*, 124 Ariz. 480, 481 (App. 1979)), or evidenced an "evil

hand . . . guided by an evil mind," as required for punitive damages, *Sobieski v. Am. Std. Ins. Co. of Wis.*, 240 Ariz. 459, 463, ¶ 17 (App. 2016) (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 162-63 (1986)).

## CONCLUSION

**¶7**        Cutter failed to state a claim for negligence, strict liability for an ultrahazardous activity, or punitive damages, and we find no error. Accordingly, the trial court's order dismissing Cutter's complaint is affirmed.

