NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRIAN SHAVER, *Plaintiff/Appellant,*

*v.*

CIRCLE K STORES INC, *Defendant/Appellee.*

No. 1 CA-CV 20-0574
FILED 10-5-2021

Appeal from the Superior Court in Maricopa County
No.  CV2018-014289
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Jones Raczkowski PC, Phoenix
By Sara Thomas
*Counsel for Plaintiff/Appellant*

The Sorenson Law Firm LLC, Tempe
By Wade R. Causey
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**B A I L E Y**, Judge:

**¶1**      Brian Shaver tripped and injured himself as he entered a convenience store owned by Circle K. He now appeals the superior court's entry of summary judgment against him on his claim for negligence. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**      As Shaver approached the store one morning, he stepped up onto a six-inch high concrete pad about five feet long. A yellow stripe had been painted on the far edge of the pad, closest to the entrance. Shaver did not see the yellow stripe and fell off the edge of the pad, hurting his right leg.

**¶3**      Shaver filed a complaint against Circle K alleging the pad was unreasonably dangerous, and Circle K knew it was unreasonably dangerous but failed to adequately warn of the hazard or remove it. During his deposition, Shaver testified he did not see the step down because he was distracted by other patrons around him and because the sun was in his eyes. He stated that had the sun not been in his eyes, he would have seen the yellow paint on the step and recognized it as a warning. Shaver also provided an expert report stating sun glare is a common occurrence that can temporarily obscure a person's vision. Circle K moved for summary judgment arguing the stripe was a legally sufficient warning. The superior court agreed and granted summary judgment in its favor. Shaver timely appealed. We have jurisdiction over Shaver's timely appeal under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶4**      We review de novo the superior court's grant of summary judgment, viewing the facts in the light most favorable to Shaver. *See Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). We will affirm a grant of summary judgment if there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. *See id.* at 240, ¶13; Ariz. R. Civ. P. 56(a).

¶5        A landowner has an affirmative duty to make the premises reasonably safe. *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 355 (1985). Because Shaver was a business invitee, Circle K owed him a duty to use reasonable care to warn of or remedy an unreasonably dangerous condition of which it had notice. *See Walker v. Montgomery Ward & Co.*, 20 Ariz. App. 255, 258 (1973); *Pruess v. Sambo's of Ariz. Inc.*, 130 Ariz. 288, 289 (1981); *Andrews v. Fry's Food Stores of Ariz.*, 160 Ariz. 93, 95 (App. 1989); *see* Restatement (Second) of Torts § 343, comment d (negligence is the failure to warn of or correct an unreasonably dangerous condition).

¶6        The landowner, however, is not an "insurer" of visitors' safety, nor required to keep the premises "absolutely safe." *Preuss v. Sambo's of Ariz., Inc.*, 130 Ariz. 288, 289 (1981). The occurrence of a fall, by itself, cannot prove negligence. *Id.*

¶7        The adequacy of a warning may be a question for a jury if, for example, the landowner had "reason to expect that the invitee's attention [would be] distracted." *Silvas v. Speros Const. Co.*, 122 Ariz. 333, 335 (App. 1979) (citation omitted). Alternatively, the court may decide negligence as a matter of law if any reasonable person would agree the defendant fulfilled its duty to act with reasonable care. *Markowitz*, 146 Ariz. at 357; *see also Coburn v. City of Tucson*, 143 Ariz. 50, 54 (1984) (affirming summary judgment in roadway case, reasoning that the city "is not bound to provide perfect intersections or streets, but only those which are 'reasonably safe'").

¶8        We agree with the superior court that, as a matter of law, Circle K discharged its duty to act with reasonable care. Shaver argues a jury may find the yellow paint was not an adequate warning because Circle K should have expected that customers would not see the stripe if they were distracted by other store patrons or by the sun. Shaver supported his claim with his deposition testimony that the sun was in his eyes and an expert report noting sun glare is a common experience generally. He offered no evidence on summary judgment, however, that sunshine regularly or frequently impaired patrons' vision of the stripe or had previously caused someone to be distracted and fall. Nor did he establish how many other patrons were typically walking to and from the store enough to cause a distraction. There is therefore no evidence Circle K had reason to expect its customers would be distracted.

¶9 In *Silvas*, 122 Ariz. at 335, which Shaver cites, the court held that whether a contractor, who knew employees would be hauling wheelbarrows back and forth on top of a roof dotted with holes, should have expected the workers may be distracted and injured was a question for the jury. Not so here where there is no evidence Circle K had knowledge of or reason to expect its patrons to be distracted. Shaver also cites *Tribe v. Shell Oil Co.*, 133 Ariz. 517, 519 (1982), in which the court reversed summary judgment against a distracted patron who fell from a raised concrete pad. In that case, however, the court ruled a jury could find the contrasting-colored step was an inadequate warning because the pad was uneven, six inches high on one side but sixteen inches high on the other. *Tribe*, 133 Ariz. at 519.

¶10 Contrary to Shaver's contention, because its warning was sufficient, Circle K did not have to remove the concrete pad. *See Markowitz*, 146 Ariz. at 355. In addition, because we are affirming summary judgment in Circle K's favor based on the reasonableness of its warning, we need not address Shaver's argument that the open and obvious nature of a hazard is usually a jury question. *See id.* at 356 ("'[O]pen and obvious' is a factor to be considered in determining whether the possessor's *failure to . . .* provide a warning was unreasonable.") (emphasis added).

## CONCLUSION

¶11 We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA